# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EUGENE COSEY,<br><br>          Plaintiff,<br><br>     v.<br><br>DAVIS COUNTY,<br><br>          Defendant. | **ORDER TO AMEND DEFICIENT COMPLAINT**<br><br>Case No. 1:10-CV-183 DB<br><br>District Judge Dee Benson |

Plaintiff, Eugene Cosey, a federal inmate in Texas, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2011). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* 1915. Reviewing the complaint under § 1915(e), the Court has determined that Plaintiff's complaint is deficient as described below.

## Deficiencies in Complaint

Complaint:

(a) states claim in violation of municipal liability doctrine (see below).

(b) does not affirmatively link an individual defendant to the alleged violation of his civil rights.

(c) does not identify an injury.

(d) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons

trained in the law' . . . to ensure that inmates . . . have
a reasonably adequate opportunity to file nonfrivolous legal
claims challenging their convictions or conditions of
confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828
(1977) (emphasis added)).

## Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a
complaint is required to contain "(1) a short and plain statement
of the grounds upon which the court's jurisdiction depends, . . .
(2) a short and plain statement of the claim showing that the
pleader is entitled to relief, and (3) a demand for judgment for
the relief the pleader seeks." Fed. R. Civ. P. 8(a). The
requirements of Rule 8(a) are intended to guarantee "that
defendants enjoy fair notice of what the claims against them are
and the grounds upon which they rest." *TV Commnc'ns Network,
Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),
*aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the
minimal pleading requirements of Rule 8. "This is so because a
pro se plaintiff requires no special legal training to recount
the facts surrounding his alleged injury, and he must provide
such facts if the court is to determine whether he makes out a
claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d
1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper
function of the Court to assume the role of advocate for a pro se

litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).  And, fourth, Plaintiff is

warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, to establish the liability of municipal entities, such as Davis County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of Davis County. Thus, the Court concludes that Plaintiff's Complaint, as it stands, appears to fail to state claims against Davis County.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY (30) DAYS** from the date of this order to cure the deficiencies noted above;

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide; and,

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 26th day of July, 2011.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court